IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE PAYNE o/b/o D.P., | ) |
|     Plaintiff, | ) |
|  -vs- | )   Civil Action No.  20-1746 |
| KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, | ) |
|     Defendant. | ) |

## **ORDER**

AND NOW, this 5th day of May, 2022, having considered the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits on behalf of D.P., a minor child, under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. §405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

---

[1]     Kilolo Kijakazi is substituted as the Defendant in this matter, replacing the former Commissioner pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect this change.

nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff argues that the Administrative Law Judge ("ALJ") erred in his duty to develop the record regarding whether D.P. met or equaled a listing by failing to recontact Dr. Shobha Asthanna for clarification, leading to a decision that is unsupported by substantial evidence. Plaintiff further asserts that the ALJ's finding that D.P. had less than marked limitations in the domains of acquiring and using information and of health and physical well-being are not supported by substantial evidence.  Upon review and after careful consideration, as more fully set forth below, the Court disagrees and finds the record demonstrates that substantial evidence supports the ALJ's finding that Plaintiff is not disabled under the Social Security Act.  The Court will therefore affirm.

   Plaintiff first argues that the ALJ failed in his duty to develop the record sufficiently to make a proper determination as to whether D.P. medically or functionally equals a listed impairment, specifically Listing 111.02B, 20 C.F.R. Part 404, Subpart P, Appendix 1, based on D.P.'s diagnosed epilepsy.  To meet or equal Listing 111.02B, a plaintiff bears the burden of demonstrating epilepsy "documented by a detailed description of a typical seizure and characterized by…[d]yscognitive seizures or absence seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment."  Regardless of this burden – and implicitly recognizing the failure to meet this burden – Plaintiff suggests that the ALJ should have developed the record more fully to demonstrate the same because the record lacked evidence of the frequency of D.P.'s seizures.  This Court disagrees.

   To be clear, the burden of demonstrating that D.P. meets or equals Listing 111.02B at no time shifts to the ALJ.  Rather, the ALJ's duty to develop the record relates to his ability to sufficiently make a determination of disability.  *See Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995).  Although this duty is heightened when a claimant proceeds *pro se*, s*ee Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979), Plaintiff in this case was represented by counsel at all relevant times.  Plaintiff asserts that the ALJ failed in his duty to develop the record because it contained insufficient evidence regarding the frequency of D.P.'s seizures to conduct a proper analysis pursuant to Listing 111.02B.  She contends that the ALJ, therefore, should have recontacted Dr. Asthanna, D.P.'s treating neurologist, for clarification of the issue.  As the ALJ acknowledged, there certainly was evidence of dyscognitive or absence seizures in this case.  (R. 21).  However, the ALJ weighed and discussed this evidence and found that it was insufficient to show D.P. was experiencing such seizures occurring at least once a week for at least 3 consecutive months.   At no point did the ALJ indicate that he was unable to make the determination without recontacting Dr. Asthanna or that information from Dr. Asthanna in addition to the numerous records already in evidence would lend more clarity to the issue.

   Regardless, pursuant to Listing 111.02B, Plaintiff also had the burden to prove that the seizures occurred "despite adherence to prescribed treatment."  Throughout the decision, the ALJ discussed in detail and at length the ongoing medication noncompliance in this case.  (R.

22-23, 25-26, 27, 29, 36).  Plaintiff's suggestion that there is no evidence "that better compliance would have changed the frequency" is irrelevant as that is not the requirement under Listing 111.02B.  After a review of the evidence, this Court finds there is substantial evidence to support the ALJ's determination that Plaintiff failed to show D.P.'s seizures occurred "despite adherence to prescribed treatment."  It is important to remember that to meet a listing, a claimant must "present medical findings equal in severity to *all* the criteria of a listed impairment."  *Degenaro-Huber v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 73, 75 (3d Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in the original)).  Given this, the Court is unpersuaded by Plaintiff's argument that the ALJ erred in his duty to develop the record by failing to recontact Dr. Asthanna regarding the frequency of D.P.'s seizures.

Plaintiff's next two arguments fare no better.  To that end, Plaintiff submits that the ALJ erred in finding that D.P. did not have marked or greater limitations in two, or extreme limitations in one, of the six domains – i.e., (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(a)(1).   Specifically, Plaintiff takes issues with the ALJ's findings as to the first and sixth domains.

With regard to the first domain, acquiring and using information, the ALJ found D.P. has less than marked limitations.  Plaintiff suggests that the ALJ erred in failing to "properly" consider D.P.'s need for a structured environment and interactive services compared to similar school age-children.  Plaintiff's argument on this point is, in essence, that the evidence more fully supports her position that D.P. has a marked level of impairment in this domain.  However, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence of record.  *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986); *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  Therefore, any argument that her position also has record support is misplaced.

Nonetheless, upon review, the Court finds the ALJ properly evaluated the "whole child" in making his finding pursuant to 20 C.F.R. §§ 416.926a(b) and (c).  In so doing, he complied with 20 C.F.R. § 416.924a, discussing and evaluating how well D.P. is able to initiate, sustain, and complete activities and the effects of his structured and supportive settings.  Additionally, he evaluated how D.P. functions in his structured setting compared to other children the same age who do not have his impairment.  In fact, the ALJ detailed D.P.'s need for a structured setting throughout his decision.  For instance, he expressly discussed, *inter alia*, D.P.'s Individual Education Plan, his intensive interventions, test scores, school performance, grades, abilities in the classroom, attendance, ability to focus, issues with math, reading and comprehending and with expressing ideas in written form, and compared it to other children D.P.'s age.  (R. 23, 26, 31).  The Court finds no error in this regard and concludes that the ALJ's decision is supported by substantial evidence.  The fact that there could be alternative views as to what the evidence shows, as discussed above, does not allow the Court to disturb the ALJ's decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

With regard to the sixth domain, health and physical well-being, the ALJ also found D.P. has less than marked limitations.  Plaintiff suggests that this finding is not supported by substantial evidence because the degree of D.P.'s seizure frequency was not clear from the record.  In support of the same, Plaintiff again suggests that the evidence supports her position that the frequency of D.P.'s seizures impairs D.P.'s health and well-being to a marked level.  As noted earlier, though, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence of record.  Thus, any argument in this regard fails.  *See Simmonds*, 807 F.2d at 58; *Malloy*, 306 Fed. Appx. at 764.

In any event, after a review of the evidence, the Court finds that the ALJ properly evaluated the domain of health and physical well-being.  For example, the ALJ considered and discussed at length how D.P.'s seizures, the side effects of his medication, and the need for ongoing treatment affect his health and sense of physical well-being.  The Court further finds that substantial evidence supports his decision.  Consequently, remand is not warranted on this basis.

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.